# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

MARCO GONZALES
ADC #129285                                                                                                                                                                                                                  **PLAINTIFF**

V.                     **CASE NO. 2:09CV00129 JMM/BD**

**AUNDREA WEEKLY,** *et al.*                                                       **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.     Discussion:**

Plaintiff Marco Gonzales is an inmate in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC").  Mr. Gonzales filed this action pro se under 42 U.S.C. § 1983 (docket entry #2), claiming that Defendants Aundrea Weekly, Greg Harmon, Larry Norris, Fralisha Walton, and Ariel Sims interfered with his right to receive personal correspondence written in Spanish.  (#2)  Plaintiff claims that Defendants Weekly, Harmon, Walton, and Sims returned his personal mail for at least six months without providing him notice.  (#2 at p. 5, 7)  Plaintiff also claims that Defendants Brenda Perry and Greg Harmon failed to respond to and investigate his grievances as required by the ADC's grievance policy.

Defendants filed a motion for summary judgment (#26) that was granted in part and denied in part.  (#39)  The Court dismissed Plaintiff's claims against Brenda Perry and Plaintiff's claims relating to the grievance procedure.  Plaintiff was allowed to proceed on his other claims against Defendant Weekly, Harmon, Norris, Walton, and Sims.

On July 1, 2010, Defendants filed a motion to compel discovery, requesting that the Court order Plaintiff to respond to their discovery requests.  (#44)  The Court granted the Defendants' motion and ordered Plaintiff to respond to the Defendants' discovery requests within fourteen days.  (#45)  Plaintiff failed to respond to the Court's order.

On August 1, 2010, Defendants filed a motion to dismiss. (#50) In the motion, Defendants requested that Plaintiff's claims be dismissed under Local Rule 5.5 for his failure to comply with the Court's July 2, 2010 order. Defendants also requested that the evidentiary hearing in this matter be cancelled.

On August 6, 2010, the Court granted the Defendants' motion, in part, cancelling the evidentiary hearing. (#51) In the order, the Court directed Plaintiff to respond to the Defendants' motion to dismiss within fourteen days and instructed Plaintiff to explain in his response why he had failed to respond to the Defendants' discovery requests and why this case should not be dismissed for his failure to comply with court-ordered discovery. Plaintiff has not responded to this Court's order.

**III.   Conclusion:**

The Court recommends that the Defendants' motion to dismiss (#50) be granted and that the Plaintiff's claims be dismissed without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's orders of July 2, 2010 (#45) and August 6, 2010 (#51).

DATED this 2nd day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE